1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAVON PIERCE, | Case No.  1:14-cv-01992-GSA-HC |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS DUPLICATIVE, DIRECTING CLERK OF COURT TO CLOSE THE ACTION, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY |
| v. | |
| BARACK OBAMA, et. al., | |
| Respondents. | |

Petitioner is a state prisoner confined in California State Prison, Corcoran, and proceeding pro se with a petition for writ of habeas corpus pursuant to the authority of 28 U.S.C. § 2254.

This Court takes judicial notice of a document which was filed by Petitioner and treated as a prisoner civil rights complaint in the Sacramento Division of the Eastern District of California on November 12, 2014.[1]  That complaint has been assigned case number 2:14-CV-02644-AC.  On December 15, 2014, Petitioner filed his second amended petition for writ of habeas corpus in the Sacramento Division of the Eastern District of California in case number 2:14-CV-02644-AC, and is presently awaiting screening.

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, this Court may take judicial notice of filings in another case. See Biggs v. Terhune, 334 F.3d 910, 916 n. 3 (9th Cir.2003) (materials from a proceeding in another tribunal are appropriate for judicial notice); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir.2001) (noting that a court may take judicial notice of "matters of public record"); United States v. Camp, 723 F.2d 741, 744 n. 1 (9th Cir.1984) (citing examples of judicially noticed public records).

1

On December 15, 2014, Petitioner filed in this Court a duplicate of his second amended petition for writ of habeas corpus, which he titled, "HABEAS Petition 1st AMEND RIGHT TO PETITION THE GOVERNMETN FOR REDRESS OF GRIEVANCES".  This petition has been assigned case number 1:14-CV-01992-GSA HC.  On January 20, 2015, Petitioner filed a document stating that 28 U.S.C. 2254 does not apply to his petition, and that he has filed a class action petition under the 1st Amendment in case number 1:14-CV-01992-GSA HC.  (ECF No. 5).

## I.

## DISCUSSION

### A.  Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing Section 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

### B.  Duplicative Petition

Federal courts retain broad powers to control their dockets and "prevent duplicative or unnecessary litigation."  Slack v. McDaniel, 529 U.S. 473, 478, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); Link v. Wabash R. Co., 370 U.S. 626, 630–631, 82 S.Ct. 1386, 8 L.Ed.2d 734.  "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions."  Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007).  "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same

1  time in the same court and against the same defendant.'" <u>Adams</u>, 487 F.3d at 688 (quoting
2  <u>Walton v. Eaton Corp.</u>, 563 F.2d 66, 70 (3d Cir. 1977) (en banc)).

3      In assessing whether a second action is duplicative of the first, the court examines
4  whether the causes of action and relief sought, as well as the parties or privies to the action, are
5  the same. <u>Adams</u>, 487 F.3d at 689.  First, the court must examine whether the causes of action in
6  the two suits are identical pursuant to the transaction test, developed in the context of claim
7  preclusion.  <u>Id</u>.   Second, the court determines whether the defendants are the same or in privity.
8  Privity includes an array of relationships which fit under the title of "virtual representation."
9  <u>Kourtis v. Cameron</u>, 419 F.3d 989, 996 (9th Cir. 2005).   "The necessary elements of virtual
10 representation are an identity of interests and adequate representation." <u>Adams</u>, 487 F.3d at 691
11 (citing <u>Kourtis</u>, 419 F.3d at 996). "Additional features of a virtual representation relationship
12 include a close relationship, substantial participation, and tactical maneuvering." <u>Adams</u>, 487
13 F.3d at 691 (quoting <u>Kourtis</u>, 419 F.3d at 996).

14      A plaintiff is required to bring at one time all of the claims against a party or privies
15 relating to the same transaction or event.  <u>Adams</u>, 487 F.3d at 693.  The court has discretion to
16 dismiss a duplicative complaint with prejudice to prevent a plaintiff from "fragmenting a single
17 cause of action and litigating piecemeal the issues which could have been resolved in one
18 action." <u>Adams</u>, 487 F.3d at 694 (quoting <u>Flynn v. State Bd. of Chiropractic Exam'rs</u>, 418 F.2d
19 668, 668 (9th Cir.1969) (per curiam)).

20      Normally, "where a new pro se petition is filed before the adjudication of a prior petition
21 is complete, the new petition should be construed as a motion to amend the pending petition
22 rather than as a successive application."  <u>Woods v. Carey</u>, 525 F.3d 886, 888-890 (9th Cir.
23 2008).  However in this case, the new petition in case number 1:14-CV-01992-GSA HC is an
24 exact duplicate of the second amended petition currently pending in the previously-filed action,
25 2:14-CV-02644-AC.  Therefore, construing the new petition as a motion to amend would serve
26 no purpose.  Given these circumstances, the Court finds the duplicative petition for writ of
27 habeas corpus pending in this action should be dismissed to promote judicial economy and
28 protect the parties from concurrent litigation of the same claim.

**II.**

**CERTIFICATE OF APPEALABILITY**

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court does not find that jurists of reason would find it debatable whether the petition was properly dismissed as duplicative.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

## III.

## ORDER

Accordingly, the Court HEREBY ORDERS that:

1. The petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE as duplicative;

2. Clerk of Court is DIRECTED to close this action; and

3. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **January 22, 2015**                    **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE

5